**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **UNITED PARCEL SERVICE CO.; UPS SUPPLY CHAIN SOLUTIONS, INC.; UNITED PARCEL SERVICE OASIS SUPPLY CORPORATION** | |
| **Plaintiffs,** | |
| ***v.*** | **Case No.** 26-05050 |
| **UNITED STATES OF AMERICA and U.S. CUSTOMS AND BORDER PROTECTION** | |
| **Defendants.** | |

# COMPLAINT

Plaintiffs, United Parcel Service Co, UPS Supply Chain Solutions, Inc., and United Parcel Service Oasis Supply Corporation (collectively "UPS"), by their undersigned attorneys, allege the following:

1. Beginning in February 2025, a series of Executive Orders declared national emergencies and imposed tariffs ("Challenged Duties"), invoking provisions of the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.* ("IEEPA") and the National Emergencies Act, 50 U.S.C. § 1601 *et seq.* ("NEA"), on goods imported into the United States from most countries, including Plaintiffs' goods.

2. On February 20, 2026, the U.S. Supreme Court struck down the Challenged Duties, holding that they were unauthorized under IEEPA. *See Learning Resources, Inc. v. Trump,* 607 U.S. 229, 255 (2026) ("*Learning Resources*").

3. Plaintiffs, U.S.-based importers of record, imported goods subject to the Challenged Duties, which were assessed on the goods imported by Plaintiffs and collected from Plaintiffs, which paid them.

4. In many instances, one or more of the Plaintiffs acted as the Importer of Record on behalf of their customers, who bore the cost of the Challenged Duties. Plaintiffs seek refunds of the Challenged Duties borne by their customers and intend to pass through those refunds to their customers once those duties are refunded to Plaintiffs.

5. Defendant U.S. Customs and Border Protection ("CBP") possesses the statutory authority to liquidate, or reliquidate, Plaintiffs' entries with refunds of the Challenged Duties, with interest. *See* 19 U.S.C. § 1505(b), (c); 19 U.S.C. § 1520(a). No other issues remain for the Court to decide other than compelling CBP to issue such refunds with interest, which is authority the agency already possesses.

6. As the Supreme Court confirmed in *Learning Resources*, this Court has "exclusive jurisdiction" over lawsuits filed by importers of record ("IOR"), such as Plaintiffs here, against the United States and CBP, seeking refunds of the IEEPA tariffs. 607 U.S. at 240 n.1.

7. Indeed, this Court has recognized the CIT's authority to order refunds of the unlawful Challenged Duties and has already ordered CBP to liquidate/reliquidate all entries subject to IEEPA, thereby effectuating the refund of the Challenged Duties:

> ORDERED that, with respect to any and all unliquidated entries that were entered subject to IEEPA duties, U.S. Customs and Border Protection is hereby directed to liquidate those entries without regard to the IEEPA duties. Any liquidated entries for which liquidation is not final shall be reliquidated without regard to those duties. Any liquidated entries for which liquidation is final shall be reliquidated without regard to the IEEPA duties. . . .

*V.O.S. Selections, Inc. v. United States*, No. 25-00066, Order, ECF No. 82, at 3 (Ct. Int'l Trade Apr. 17, 2026).

8. On July 15, 2026, this Court announced its intention to enter reliquidation orders "in each of the approximately 3,700 IEEPA cases assigned to the court." *Euro-Notions Florida, Inc. v. U.S. Customs & Border Prot.*, No. 25-595, ECF No. 46, at 2 (Ct. Int'l Trade July 15, 2026).

9. This Court has also ordered CBP to issue refunds for all finally liquidated entries. *See Princess Awesome, LLC* v. *United States.*, No. 25-00078, Order, ECF No. 25, at 2-4, n. 2 (Ct. Int'l Trade July 15, 2026) ("This order directs reliquidation of all entries that have been liquidated for more than 80 days, thus directing reliquidation of both finally liquidated entries and entries that may become final while being processed by CAPE. Therefore, for the Government, this order provides the authority to reliquidate all of Plaintiffs' liquidated entries subject to IEEPA duties, including finally liquidated entries.").

10. Moreover, the United States has agreed that this Court has the authority to order reliquidation of entries subject to the IEEPA tariffs: "[A]s the Government notes in its response to Plaintiffs' motion for a preliminary injunction here, it '[has] made very clear—both in this case and in related cases—that [it] will not object to the [c]ourt ordering reliquidation of plaintiffs' entries subject to the challenged IEEPA duties if such duties are found to be unlawful.'" *AGS Co. Auto. Sols. v. U.S. Customs & Border Prot.*, 813 F. Supp. 3d 1298, 1300–01 (Ct. Int'l Trade Dec. 15, 2025).

11. Thus, as the United States agrees, this Court has the authority to order refunds to Plaintiffs.

12. Plaintiffs take this necessary action in response to Defendants' consistent position and representation that "CBP requires an order from the Court [of International Trade] to reliquidate finally liquidated entries." *V.O.S. Selections, Inc. v. Trump*, No. 25-00066, Def.'s Resp. in Opp'n to Pls.' Mot. For Class Cert., ECF No. 105, at 2-3 (Ct. Int'l Trade June 25, 2026). Without this action, therefore, Defendants have represented to the Court that CBP will not issue refunds of finally liquidated entries and Plaintiffs cannot pass through those refunds to their customers.

13. Plaintiffs now ask the Court to order Defendants to liquidate, or reliquidate, Plaintiffs' entries with a full refund of the unlawful duties Plaintiffs have paid to the United States, together with interest.

## PARTIES

14. Plaintiff, United Parcel Service Co., is incorporated in Delaware and has a principal place of business in Kentucky.

15. Plaintiff, UPS Supply Chain Solutions, Inc., is incorporated in Delaware and has a principal place of business in Georgia.

16. Plaintiff, United Parcel Service Oasis Supply Corporation, is incorporated in Delaware and has a principal place of business in Georgia.

17. Plaintiffs were the importers of record of entries of merchandise on which the unlawful Challenged Duties were assessed and for which they were charged.

18. Defendant, the United States, imposed the Challenged Duties as a consequence of the aforementioned IEEPA-based Executive Orders.

19. Defendant, CBP, a component of the Department of Homeland Security ("DHS"), is the United States agency responsible for the assessment and collection of estimated and final duties on imported merchandise.

20. Defendant, the United States, received the unlawful duties that Plaintiffs paid.

21. The United States and CBP are defendants under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i).

**JURISDICTION**

22. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(i). *See Learning Resources*, 607 U.S. at 240 n.1.

23. The Court has the same powers at law, in equity, and as conferred by statute as a United States District Court. 28 U.S.C. § 1585.

24. In a civil action under 28 U.S.C. § 1581(i), the Court can enter a money judgment against the United States and can order any other appropriate civil relief, including declaratory judgments, injunctions, orders of remand, and writs of mandamus or prohibition. 28 U.S.C. §§ 2643(a)(1), (c)(1).

25. This Court has the authority to order liquidation or reliquidation of entries without assessment of the unlawful Challenged Duties, and thereby to order the refunds of such duties. *See, e.g.*, *V.O.S. Selections, Inc. v. United States*, No. 25-00066, Order, ECF No. 82, at 3 (Ct. Int'l Trade Apr. 17, 2026); *Princess Awesome, LLC* v. *United States.*, No. 25-00078, Order, ECF No. 25, at 2-4, n. 2 (Ct. Int'l Trade July 15, 2026); *AGS Co. Auto. Sols. v. U.S. Customs & Border Prot.*, 813 F. Supp. 3d at 1300–01.

**TIMELINESS**

26. This action is timely because Plaintiffs' claims have accrued within the last two years. 28 U.S.C. § 2636(i).

**STANDING**

27. Plaintiffs have standing to bring this lawsuit because they are the importers of record of merchandise on which CBP assessed and collected the unlawful duties purportedly

pursuant to IEEPA on behalf of the United States. Plaintiffs are, therefore, "person[s] adversely affected or aggrieved by agency action" within the meaning of 5 U.S.C. § 702 and 28 U.S.C. § 2631(i) by CBP's actions in assessing, collecting, and retaining unlawful IEEPA duties.[1]

28. Plaintiffs also have standing within the meaning of Article III of the U.S. Constitution because Plaintiffs have suffered injury in fact, Defendants' actions caused Plaintiffs' injuries, and Plaintiffs' injuries are redressable by this Court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992). Plaintiffs have been injured by Defendants' collection of the Challenged Duties, and that injury was directly caused by Defendants. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021) ("If a defendant has caused physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III."); *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 599 (2007) ("being forced to pay" money to the government "causes a real and immediate economic injury"). An order from this Court directing refunds of the unlawful Challenged Duties will fully redress Plaintiffs' injuries.

## BACKGROUND

### I. THE IEEPA TARIFF ORDERS IMPOSING THE CHALLENGED DUTIES

29. Beginning in February 2025, a series of Executive Orders imposed new tariffs (*i.e.*, the Challenged Duties) pursuant to IEEPA on goods from most countries. *See* Executive Order 14194 of February 1, 2025, "Imposing Duties to Address the Situation at Our Southern Border," 90 Fed. Reg. 9,117 (Feb. 7, 2025); Executive Order 14193 of February 1, 2025, "Imposing Duties to Address the Flow of Illicit Drugs Across Our Northern Border," 90 Fed. Reg. 9,113 (Feb. 7, 2025); Executive Order 14195 of February 1, 2025, "Imposing Duties to

[1] While this Court has statutory jurisdiction to adjudicate this dispute between Plaintiffs, which are IORs, and Defendants, the United States and CBP, the Court does not have jurisdiction to adjudicate the separately filed lawsuit styled *Harbourview Products International, LLC v. United Parcel Service, Inc.*, et al., No. 1:26-cv-1471 (Ct. Int'l Trade), as United Parcel Service, Inc. will explain more fully in its forthcoming motion to dismiss the *Harbourview* case.

Address the Synthetic Opioid Supply Chain in the People's Republic of China," 90 Fed. Reg. 9,121 (Feb. 7, 2025); Executive Order 14198 of February 3, 2025, "Progress on the Situation at Our Southern Border," 90 Fed. Reg. 9,185 (Feb. 10, 2025); Executive Order 14227 of March 2, 2025, "Amendment to Duties To Address the Situation at Our Southern Border," 90 Fed. Reg. 11,371 (Mar. 6, 2025); Executive Order 14232 of March 6, 2025, "Amendment to Duties to Address the Flow of Illicit Drugs Across Our Southern Border," 90 Fed. Reg. 11,787 (Mar. 11, 2025); Executive Order 14197 of February 3, 2025, "Progress on the Situation at Our Northern Border," 90 Fed. Reg. 9,183 (Feb. 10, 2025); Executive Order 14226 of March 2, 2025, "Amendment to Duties To Address the Flow of Illicit Drugs Across Our Northern Border," 90 Fed. Reg. 11,369 (Mar. 6, 2025); Executive Order 14231 of March 6, 2025, "Amendment to Duties to Address the Flow of Illicit Drugs Across Our Northern Border," 90 Fed. Reg. 11,785 (Mar. 11, 2025); Executive Order 14200 of February 5, 2025, "Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China," 90 Fed. Reg. 9,277 (Feb. 11, 2025); Executive Order 14228 of March 3, 2025, "Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China," 90 Fed. Reg. 11,463 (Mar. 7, 2025); Executive Order 14257 of April 2, 2025, "Regulating Imports with a Reciprocal Tariff to Rectify Trade Practices that Contribute to Large and Persistent Annual United States Goods Trade Deficits," 90 Fed. Reg. 15,041 (Apr. 7, 2025); Executive Order 14266 of April 9, 2025, "Modifying Reciprocal Tariff Rates To Reflect Trading Partner Retaliation and Alignment," 90 Fed. Reg. 15,625 (Apr. 15, 2025); Executive Order 14259 of April 9, 2025, "Amendment to Reciprocal Tariffs and Updated Duties as Applied to Low-Value Imports From the People's Republic of China," 90 Fed. Reg. 15,509 (Apr. 14, 2025); Executive Order 14266 of April 9, 2025, "Modifying Reciprocal Tariff Rates To Reflect Trading Partner Retaliation and

Alignment," 90 Fed. Reg. 15,626 (Apr. 15, 2025); Executive Order 14298 of May 12, 2025, "Modifying Reciprocal Tariff Rates To Reflect Discussions With the People's Republic of China," 90 Fed. Reg. 21,831 (May 12, 2025); Executive Order 14316 of July 7, 2025, "Extending the Modification of the Reciprocal Tariff Rates," 90 Fed. Reg. 30,823 (July 10, 2025); Executive Order 14326 of July 31, 2025, "Further Modifying the Reciprocal Tariff Rates," 90 Fed. Reg. 37,963 (Aug. 6, 2025); Executive Order 14323 of July 30, 2025, "Addressing Threats to the United States by the Government of Brazil," 90 Fed. Reg. 37,739 (Aug. 5, 2025); Executive Order 14329 of August 6, 2025, "Addressing Threats to the United States by the Government of the Russian Federation," 90 Fed. Reg. 38,701 (Aug. 11, 2025).

30. Plaintiffs seek relief for all duties arising from the IEEPA Executive Orders identified in Paragraph 29 ("Challenged Tariff Orders") that were imposed and assessed on goods imported by Plaintiffs and collected from Plaintiffs by Defendants. *See Learning Resources, Inc.*, 607 U.S. at 255.

## II. CBP'S ENFORCEMENT AND COLLECTION OF UNLAWFUL CHALLENGED DUTIES

31. CBP is charged with the assessment and collection of estimated and final duties on merchandise entered pursuant to 19 U.S.C. § 1484, including the unlawful Challenged Duties imposed invoking IEEPA. *See* 19 U.S.C. §§ 1500, 1502.

32. When merchandise is so entered, CBP assesses and collects estimated duties on behalf of the United States.

33. The Challenged Duties were imposed or modified invoking IEEPA and implemented through Annexes to the Proclamation or Notices in the Federal Register that modified Chapter 99 of the Harmonized Tariff Schedule of the United States ("HTSUS") to effectuate and implement the imposed tariffs, and to allow for classification and collection of the

imposed duties on imported goods subject to the tariffs. *See, e.g.*, "Implementation of Additional Duties on Products of the People's Republic of China Pursuant to the President's February 1, 2025 Executive Order Imposing Duties To Address the Synthetic Opioid Supply Chain in the People's Republic of China," 90 Fed. Reg. 9,038 (Feb. 5, 2025); "Notice of Implementation of Additional Duties on Products of Mexico Pursuant to the President's Executive Order 14194, Imposing Duties To Address the Situation at Our Southern Border," 90 Fed. Reg. 11,429 (March 6, 2025); "Notice of Implementation of Additional Duties on Products of Canada Pursuant to the President's Executive Order 14193, Imposing Duties To Address the Flow of Illicit Drugs Across Our Northern Border," 90 Fed. Reg. 11,423 (March 6, 2025).

34. After confirming the HTSUS classification of the goods, according to the rates established by the HTSUS, including the Chapter 99 classifications implementing the unlawful Challenged Duties, CBP then appraised the merchandise, assessed and fixed the final classification and rate of duty applicable to such merchandise, liquidated the entry, and collected the applicable tariffs on those goods. 19 U.S.C. §§ 1202, 1500, 1501, 1502, 1505.

35. CBP used these Chapter 99 HTSUS classification numbers to collect estimated duties, and later assessed the unlawful Challenged Duties on Plaintiffs' merchandise and collected them from Plaintiffs.

36. "'Liquidation' means the final computation or ascertainment of duties on entries for consumption or drawback entries." 19 C.F.R. § 159.1; *see also* 19 U.S.C. § 1500.

37. Upon liquidation or reliquidation, CBP has a statutory obligation to refund excess duties paid pursuant to 19 U.S.C. § 1505(b) ("[t]he Customs Service shall . . . refund any excess moneys deposited, together with interest thereon, as determined on a liquidation or reliquidation") and 19 U.S.C. § 1520(a) ("The Secretary of the Treasury is authorized to refund

duties or other receipts in the following cases: Whenever it is ascertained on liquidation or reliquidation of an entry or reconciliation that more money has been deposited or paid as duties than was required by law to be so deposited or paid.”).

38. CBP is required to refund “[i]nterest on excess moneys deposited . . . accru[ed], at a rate determined by the Secretary, from the date the importer of record deposits estimated duties, fees, and interest . . . to the date of liquidation or reliquidation of the applicable entry or reconciliation.” 19 U.S.C. § 1505(c); *see also* 19 U.S.C. § 1505(b).

39. This Court possesses the equitable authority to order liquidation, or reliquidation, without the assessment of unlawful Challenged Duties, and to order the refund of such duties, which CBP must refund with accrued interest. *AGS Co. Auto. Sols. v. U.S. Customs & Border Prot.*, 813 F. Supp. 3d 1298, 1300–01 (Ct. Int’l Trade Dec. 15, 2025).

## III. IEEPA DOES NOT AUTHORIZE THE CHALLENGED DUTIES

40. On May 28, 2025, a three-judge panel of this Court granted summary judgment to the plaintiffs in *V.O.S. Selections* and permanently enjoined the government from enforcing the Challenged Duties at issue in that case. *V.O.S. Selections, Inc. v. Trump*, 772 F. Supp. 3d 1350, 1383 (Ct. Int’l Trade May 28, 2025). That decision was appealed to the U.S. Court of Appeals for the Federal Circuit.

41. The Federal Circuit, sitting *en banc*, affirmed this Court’s holding as to the lawfulness of the tariffs imposed invoking IEEPA. *See V.O.S. Selections*, 149 F.4th at 1340. As a result, the Federal Circuit held that the Trafficking and Reciprocal Tariffs are “‘invalid as contrary to law.’” *Id.* (quoting *V.O.S. Selections, Inc. v. Donald J. Trump*, 772 F. Supp. 3d. 1350, 1383-84 (Ct. Int’l Trade May 28, 2025)). (The Federal Circuit vacated and remanded the universal injunction issued by this Court in light of *Trump v. CASA, Inc.*, 606 U.S. 831, 145 S. Ct. 2540, 222 L.Ed.2d 930 (2025).)

42. In a separate lawsuit filed by a separate group of importers, the U.S. District Court for the District of Columbia held that IEEPA does not authorize tariffs of any sort. *See Learning Res., Inc. v. Trump*, 784 F. Supp. 3d 209 (D.D.C. 2025), *cert. granted before judgment*, No. 24-1287, 222 L. Ed. 2d 1231 (U.S. Sept. 9, 2025). That decision was appealed to the U.S. Court of Appeals for the D.C. Circuit, but before the D.C. Circuit held argument, the U.S. Supreme Court granted certiorari in both *V.O.S. Selections* and *Learning Resources*. The cases were consolidated, with argument on November 5, 2025.

43. On February 20, 2026, the Supreme Court issued its opinion in both cases, holding that IEEPA does not authorize the imposition of tariffs. *See Learning Resources, Inc.*, 607 U.S. at 255.

## IV. DESPITE THE SUPREME COURT'S HOLDING THAT IEEPA DOES NOT AUTHORIZE THE CHALLENGED DUTIES, PLAINTIFFS HAVE NOT YET RECEIVED ALL IEEPA TARIFF REFUNDS AND INTEREST DUE

44. On February 20, 2026, the Challenged Tariff Orders were formally rescinded by Executive Order 14389. Additionally, Executive Order 14389 directed CBP to take appropriate steps to effectuate the rescission. Executive Order 14389, "Ending Certain Tariff Actions" (Feb. 20, 2026).

45. CBP subsequently developed the Consolidated Administration and Processing of Entries ("CAPE"), a new functionality within the Automated Commercial Environment ("ACE").

46. CBP released CAPE Phase 1 on April 20, 2026, covering unliquidated entries and liquidated entries up to 80 days past liquidation.

47. Where possible, Plaintiffs filed refund claims through the CAPE system, as eligible, for certain unliquidated entries and liquidated entries up to 80 days past liquidation.

48. Where it has been possible for Plaintiffs to apply for refunds through CAPE, the Government is refunding these claims, with interest.

49. Many of Plaintiffs' entries nonetheless remained ineligible for a refund through the CAPE system (*e.g.*, entries that were the subject of a protest and entries that were "finally liquidated").

50. On June 29, 2026, CBP launched Phase 2 of CAPE, which accepted additional categories of entries for refund processing.

51. On July 15, 2026, this Court announced its intention to enter reliquidation orders in each of the approximately 3,700 IEEPA cases. *Euro-Notions Florida, Inc. v. U.S. Customs & Border Prot.*, No. 25-595, ECF No. 46 at 2 (Ct. Int'l Trade July 15, 2026). The Court has continued to issue reliquidation orders in subsequently filed cases.

52. On October 6, 2026, CBP launched Phase 3 of CAPE, covering "finally liquidated entries filed by plaintiffs for which the Court has ordered reliquidation" only for those "plaintiffs who submitted a valid importer of record number to CBP by July 30, 2026." *See Freestyle World, Inc. v. U.S. Customs & Border Prot.*, No. 26-01088, Declaration of Brandon Lord Responding to Sept. 17, 2026 Court Order, ECF No. 58, at 4 (Ct. Int'l Trade Oct. 6, 2026).

53. The Government stated to the Court that "CBP will provide additional instructions regarding CAPE Phase 3 to the plaintiffs who provided an importer of record number after July 30, 2026." *Id.*, Declaration of Brandon Lord Responding to Sept. 17, 2026 Court Order, ECF No. 58, at 4 (Ct. Int'l Trade Oct. 6, 2026).

54. Despite the Court's orders and Defendants' representations that the United States will not challenge the Court ordering reliquidation of entries without the unlawful Challenged

Duties, *AGS Co. Auto. Sols.*, 813 F. Supp. 3d at 1300–01, the United States has failed to issue refunds, in their entirety, to Plaintiffs of all unlawful Challenged Duties that Plaintiffs paid.

55. Defendants consistently have represented to the Court that an order by this Court is required for CBP to reliquidate finally liquidated entries (i.e., entries that liquidated more than 80 days prior). *See V.O.S. Selections, Inc. v. Trump*, No. 25-00066, Def.'s Resp. in Opp'n to Pls.' Mot. For Class Cert., ECF No. 105, at 2-3 (Ct. Int'l Trade June 25, 2026).

56. Accordingly, Plaintiffs file this lawsuit solely to preserve their rights, and their customers' rights, to recover the Challenged Duties, to the extent filing a lawsuit against the United States and CBP is a prerequisite for obtaining such relief. Plaintiffs file this lawsuit without prejudice to their ability to recover the Challenged Duties as members of the class this Court certified in *Freestyle World, Inc. v. U.S. Customs and Border Protection,* et al., No. 1:26-cv-1088 (Ct. Int'l Trade), on October 8, 2026.

## STATEMENT OF CLAIMS

## COUNT I

## THE CHALLENGED TARIFF ORDERS ARE ULTRA VIRES FOR THE REASONS STATED BY THE SUPREME COURT IN *LEARNING RESOURCES*

57. Plaintiffs incorporate paragraphs 1–56 above by reference.

58. After this Court issued its judgment in *V.O.S. Selections* declaring the tariffs imposed under IEEPA unlawful, the government, on appeal, sought a stay of injunctive relief and represented that "a stay would not cognizably harm plaintiffs" because "[i]f tariffs imposed on plaintiffs during the . . . appeals are ultimately held unlawful, then the government will issue refunds to plaintiffs, including any post-judgment interest that accrues." *V.O.S. Selections, Inc. v. Trump*, No. 25-1812, Emergency Mot. for a Stay, ECF No. 6, at 25 (Fed. Cir. May 29, 2025) (the "Stipulation").

59. In *AGS Co. Automotive Solutions*, a case in which plaintiffs sought refunds for amounts paid pursuant to the unlawful orders, the government opposed plaintiffs' request for a preliminary injunction by asserting that the Stipulation would apply to all plaintiffs. *AGS Co. Automotive Solutions v. U.S. Customs & Border Prot.*, No. 25-00255, Defs.' Resp. in Opp. to Prelim. Inj., ECF No. 25, at 3 (Ct. Int'l Trade Dec. 11, 2025).

60. In *AGS Co. Automotive Solutions*, the government subsequently clarified that the Stipulation would apply to all "current and future similarly situated plaintiffs." *Id.*, Defs.' Resp. to Ct. Letter, ECF No. 34 at 2 (Ct. Int'l Trade Jan. 8, 2026).

61. Based on the government's Stipulation, this Court denied the requested preliminary relief in *AGS Co. Automotive Solutions*, observing that the government would be "estoppe[d]" from later disclaiming its Stipulation. *AGS Co. Auto. Sols. v. U.S. Customs & Border Prot.*, 813 F. Supp. 3d at 1301 (citing *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)).

62. In *Learning Resources*, the Supreme Court considered challenges to whether or not IEEPA authorized the imposition of tariffs and the Federal Circuit's affirmance of this Court's opinion in *V.O.S. Selections, Inc. v. United States*, 772 F. Supp. 3d. 1350, 1383 (Ct. Int'l Trade May 28, 2025), *aff'd*, 149 F.4th 1312 (Fed. Cir. Aug. 29, 2025), which held that IEEPA did not authorize the imposition of tariffs. 50 U.S.C. § 1701 *et seq*.

63. The Supreme Court held that all tariffs imposed under IEEPA are unlawful. *Learning Resources*, 607 U.S. at 251). The Supreme Court thus affirmed the Federal Circuit's decision, which had in turn affirmed this Court's ruling on the merits. *Id.* at 255.

64. The Challenged Tariff Orders are materially identical in structure, authority claimed, and effect to those at issue in *Learning Resources*. They purport to impose duties and

modify the Harmonized Tariff Schedule of the United States, to allow for assessment and collection of the Challenged Duties, solely under IEEPA.

65. This Court is bound by the Supreme Court's holding in *Learning Resources*.

66. CBP possesses the statutory authority to liquidate, or reliquidate, Plaintiffs' entries with refunds of the unlawful Challenged Duties and to issue refunds of those unlawful duties with interest. *See* 19 U.S.C. § 1505(b), (c); 19 U.S.C. § 1520(a). Yet, CBP has consistently maintained that a lawsuit and an Order from this Court are prerequisites to any such refunds.

67. Accordingly, Plaintiffs respectfully request that the Court order CBP and the Defendants to liquidate, or reliquidate, Plaintiffs' entries with refunds of all unlawful Challenged Duties collected from Plaintiffs, with interest pursuant to 19 U.S.C. § 1505(b), (c), and any other applicable laws.

**PRAYER FOR RELIEF**

Plaintiffs respectfully request that this Court:

(a) Direct Defendants to reliquidate all of Plaintiffs' liquidated entries of merchandise subject to the unlawful Challenged Duties without assessment of the unlawful Challenged Duties, regardless of whether such entries are subject to protest pursuant to 19 U.S.C. § 1514;

(b) Direct Defendants to liquidate all of Plaintiffs' unliquidated entries subject to the unlawful Challenged Duties without assessment of the unlawful Challenged Duties and to refund all overpayments of estimated duties;

(c) Upon liquidation or reliquidation of Plaintiffs' entries, direct Defendants to refund all unlawful Challenged Duties paid by Plaintiffs pursuant to the Challenged Tariff Orders, along with accrued interest pursuant to 19 U.S.C. §

1505(b), (c); 19 C.F.R. § 24.36; and any other applicable laws, from the date of deposit of the Challenged Duties to the date of refund;

(d) Upon liquidation or reliquidation of Plaintiffs' entries, direct Defendants to refund all interest paid by Plaintiffs that accrued on the Challenged Duties and was collected pursuant to the Challenged Tariff Orders;

(e) Award Plaintiffs their costs and attorneys' fees;

(f) Grant such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

Dated: November 6, 2026

*/s/ J. Michael Taylor*

J. Michael Taylor
Patrick J. Togni
Zach McEntyre*
Ashley C. Parrish
Jeffrey M. Telep
Noel Domi*

KING & SPALDING LLP
1700 Pennsylvania Avenue, NW Suite 900
Washington, DC 20004
Tel. (202) 626-2385

*Counsel for Plaintiffs*

*Application pending for admission to the U.S. Court of International Trade Bar